BAKER, JUDGE:
An application of the claimant, Leroy J. Pitzer, for an award under the West Virginia Crime Victims Compensation Act, was filed June 29, 1999. The report of the Claim Investigator, filed March 1, 2000, recommended that no award be granted, to which the claimant timely objected. An Order was issued on April 19, 2000, confirming the Investigator’s recommendation, in response to which the claimant’s request for hearing was filed May 19, 2000. This matter came on for hearing October 11, 2000, the claimant appearing in person and by counsel, Robert E. Holroyd, attorney at law, and the State of West Virginia by counsel, Joy M. Bolling, Assistant Attorney General.
On April 24, 1999, the claimant’s 19-year-old son, Samuel Aaron Pitzer, was struck and killed by a vehicle driven by Stephen L. Shaver on U.S. Route 219 in Raines Comer, Monroe County. Apparently, there had been two verbal altercations between Mr. Pitzer and Mr. Shaver at a local bar on the night in question. After the second confrontation, Mr. Shaver got into his vehicle and left the scene. Shortly thereafter, M r. S haver b egan t o dr ive b ack t o t he s cene. M eanwhile, M r. P itzer began walking northbound in the southbound lane of U.S. Route 219. According to a statement given to Senior Trooper Donald Havens, Tracy Walters was driving north in the northbound lane, and was begging Mr. Pitzer to get out of the middle of the road. He refused.
As Mr. Shaver drove towards the bar, his vehicle struck Mr. Pitzer in his lane of travel. Mr. Pitzer struck the left front windshield, roof, and h ood of the vehicle. Thereafter, Mr. Shaver left the scene and returned to his residence. Mr. Pitzer sustained a severe closed head injury and a broken leg. In addition, Mr. Pitzer had a b lood a lcohol c oncentration of0.153. Hewast ransported t o t he C arilion Roanoke Memorial Hospital in Roanoke, Virginia, where he was pronounced brain dead later that evening. As a result of the incident, Mr. Shaver pleaded no contest to a charge of negligent homicide, and received two consecutive one-year terms in the Southern Regional Jail in Raleigh County.
The Court must conclude that the victim’s actions did constitute contributory misconduct such that an award should be denied. The victim should not *483 have been walking southbound in the northbound lane of U.S. Route 219. Moreover, the victim was not of legal age to consume alcoholic beverages. It is truly tragic that a young life was lost, and this Court’s sympathy is extended to the family. However, nothing adduced at the full evidentiary hearing compels the Court to reverse its prior ruling. Based on the foregoing, this claim must be, and is hereby, denied.